## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 7 |
| PURSUIT CAPITAL MANAGEMENT, LLC, | Case No. 14-10610 (LSS) |
| Debtor. | Re D.I.s: 190 and 191 |

## PURSUIT PARTIES' DESIGNATION OF RECORD AND
## STATEMENT OF ISSUES PRESENTED ON APPEAL

Appellants, Anthony Schepis, Frank Canelas, Pursuit Investment Management, LLC, Pursuit Opportunity Fund I, L.P., and Pursuit Capital Management Fund I, L.P. (collectively, the "**Pursuit Parties**"), by and through their undersigned counsel, hereby designate the record and state the issues presented on appeal to the United States District Court for the District of Delaware with respect to the *Order Approving Agreement to Settle, Transfer and Assign Certain Claims, Rights and Interests* [D.I. 190] entered by the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on August 27, 2015.  The Pursuit Parties Notice of Appeal was docketed on September 8, 2015 [D.I. 191].

### Statement of Issues Presented on Appeal

1.     The Supreme Court has held that the phrase "the trustee may [take a specific action]" in the Bankruptcy Code means that ***only*** the trustee may take the specific action because the trustee acts with a special fiduciary role when exercising Congressionally conferred powers.  In this case, the Bankruptcy Court authorized the chapter 7 trustee to assign causes of action that arise under Bankruptcy Code provisions that also provide "the trustee may" prosecute those causes of action.  May a chapter 7 Trustee assign causes of action to a non-fiduciary, third-party that will prosecute them when the Bankruptcy Code -- as interpreted by the Supreme Court -- provides that ***only*** the trustee may bring those actions?

2.     In the cases that allowed an assignment of estate causes of action before the Supreme Court's decision (most typically in chapter 11 cases), courts required assignees to demonstrate an unjustifiable refusal to a demand to prosecute the claim to be assigned (or a determination that a demand would be futile) and to show that claim was "colorable."

In this case, no evidence satisfying these requirements was submitted with respect to certain assigned claims. Was it erroneous for the bankruptcy court to approve the assignment of those claims without the required evidentiary showing?

3. Bankruptcy courts permit auctions based on court-approved procedures. In this case, the approved procedures required that "all bids shall be made and received in one room, on an open basis, and each bidder shall be entitled to be present for all bidding, and all material terms of each bid shall be fully disclosed to all bidders[.]" Notwithstanding this mandatory requirement, the chapter 7 trustee modified the bidding requirements and demanded final sealed bids based on his ability to modify the procedures to comply with his "fiduciary duty." At the sale hearing, there was no evidence regarding how changing the procedures enabled the chapter 7 trustee to comply with his fiduciary duty. Was it legal error for the Bankruptcy Court to approve a sale based on a chapter 7 trustee's unilateral decision to modify mandatory bidding procedures when the evidence did not show that the change in procedures discharged the chapter 7 trustee's fiduciary duty to, among other things, maximize the value of the estate's assets?

4. The Pursuit Parties objected to the sale of assets and were assured by counsel to the chapter 7 trustee in open court and by the Bankruptcy Court in a court order that they would be permitted to take a deposition of the chapter 7 trustee prior to a final hearing on the chapter 7 trustee's sale motion; however, the final hearing was scheduled without granting the Pursuit Parties this promised discovery. When the Pursuit Parties moved to adjourn the hearing, pending their ability to take the promised deposition, the Bankruptcy Court denied the request and allowed the final sale hearing to go forward. Was it error for the Bankruptcy Court to allow the final sale hearing to proceed without granting the Pursuit Parties the promised right to depose the chapter 7 trustee?

5. Bankruptcy law allows a chapter 7 trustee to sell estate property for the highest and best price available. In this case, the chapter 7 trustee sought court approval to sell assets for $180,001; however, at the sale hearing, the Pursuit Parties offered to pay first $205,750 for a similar sale and then offered $250,000. The bankruptcy court refused to re-open the auction to permit bidding on the assets based on these new offers and instead approved the lower offer. Was it erroneous for the Bankruptcy Court to authorize the sale of assets for a lower price when a bidder was present and ready and able to bid higher amounts for offered assets?

## Designation of Items to be Included in the Record on Appeal

| Record Number | Date Filed | Docket Number | Document Title |
|---|---|---|---|
| 1. | | | Docket for *In re: Pursuit Capital Management, LLC*, Case No. 14-10610-LSS |
| 2. | 3/02/2015 | 66 | Trustee's Motion for an Order Approving Agreement to Settle, Transfer and Assign Certain Claims, Rights and Interests |

- 2 -

| Record Number | Date Filed | Docket Number | Document Title |
|---|---|---|---|
| 3. | 3/12/2015 | 67 | Objection to Trustee's Motion for an Order Approving Agreement to Settle, Transfer and Assign Certain Claims, Rights and Interests |
| 4. | 3/26/2015 | 84 | Motion for Continuance of Hearing |
| 5. | 3/31/2015 | 95 | Reply to Motion for Continuance of Hearing |
| 6. | 4/01/2015 | 97 | Response to Motion for Continuance |
| 7. | 4/21/2015 | 111 | Order with Respect to Motion for an Order Approving Agreement to Settle, Transfer and Assign Certain Claims, Rights and Interests |
| 8. | 5/01/2015 | 121 | Order Denying Request for Further Discovery |
| 9. | 5/13/2015 | 122 | Final Objection to Trustee's Motion for an Order Approving Agreement to Settle, Transfer and Assign Certain Claims, Rights and Interests |
| 10. | 5/20/2015 | 125 | Reply to Objection to Trustee's Motion for an Order Approving Agreement to Settle, Transfer and Assign Certain Claims, Rights and Interests |
| 11. | 6/18/2015 | 133 | Trustee's Motion for Approval of Auction Procedures in Connection with Trustees Motion for an Order Approving Agreement to Settle, Transfer and Assign Certain Claims, Rights and Interests |
| 12. | 6/25/2015 | 140 | Objection to Trustee's Motion for Approval of Auction Procedures in Connection with Trustee's Motion for an Order Approving Agreement to Settle, Transfer and Assign Certain Claims, Rights and Interests |
| 13. | 6/30/2015 | 149 | Order Approving Trustee's Motion for Approval of Auction Procedures in Connection with Trustee's Motion for an Order Approving Agreement to Settle, Transfer and Assign Certain Claims, Rights and Interests |
| 14. | 7/06/2015 | 154 | Transcript regarding Hearing Held June 20, 2015 Re: Trustee's Motion for Approval of Auction Procedures. |

| Record Number | Date Filed | Docket Number | Document Title |
|---|---|---|---|
| 15. | 8/06/2015 | 175 | Motion to Adjourn Sale Hearing |
| 16. | 8/07/2015 | 178 | Objection to Motion for Continuance of Sale Hearing |
| 17. | 8/10/2015 | 182 | Transcript of Auction on July 7, 2015 |
| 18. | 8/20/2015 | 187 | Transcript regarding Hearing Held August 17, 2015 Re: Ruling on Sale |
| 19. | 8/26/2015 | 189 | Certification of Counsel |
| 20. | 8/28/2015 | 190 | Order Approving Agreement to Settle, Transfer and Assign Certain Claims, Rights and Interests |
| 21. | 9/17/2015 | 196 | Transcript regarding Hearing Held August 10, 2015 Re: Sale |
| 22. | 9/22/2015 | 198 | Request for Transcript of Hearing Held June 15, 2015 Re: Status Conference regarding Trustee's Motion for an Order Approving Agreement to Settle, Transfer and Assign Certain Claims, Rights and Interests |
| 23. | 9/22/2015 | 199 | Request for Transcript of Hearing held August 7, 2015 Re: Motion to Adjourn Sale Hearing |
| 24. | 9/22/2015 | 200 | Request for Transcript of hearing held on July 2, 2015 Re: Conference call regarding setting Auction date. |

- 4 -

Dated: September 22, 2015

**DLA PIPER LLP (US)**

 */s/ R. Craig Martin*
Stuart M. Brown (DE 4050)
R. Craig Martin (DE 5723)
Daniel N. Brogan (DE 5723)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone:  (302) 468-5700
Facsimile:  (302) 394-2341
Email: stuart.brown@dlapiper.com
        craig.martin@dlapiper.com
        daniel.brogan@dlapiper.com

-and-

CANE & ASSOCIATES LLP

Peter S. Cane
200 Park Avenue
17th Floor
New York, New York 10166
(212) 627-7000

*Attorneys for the Pursuit Parties*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PURSUIT CAPITAL MANAGEMENT, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 14-10610 (LSS) |

**CERTIFICATE OF SERVICE**

I, Daniel N. Brogan, hereby certify that on this 22nd day of September, 2015, I caused a true and correct copy of the foregoing *Pursuit Parties' Designation of Record and Statement of Issues Presented on Appeal* to be served upon the parties listed below in the manner indicated:

**<u>Via Hand Delivery</u>**
The Honorable Judge Laurie Selber Silverstein
824 North Market Street
6th Floor
Wilmington, DE 19801

**<u>Via Hand Delivery</u>**
Richard A. Robinson
Reed Smith LLP
1201 North Market Street
Suite 1500
Wilmington, DE 19801

**<u>Via Hand Delivery</u>**
Jesse N. Silverman
Dilworth Paxson LLP
704 King Street, Suite 500
Wilmington, DE 19899

**<u>Via Hand Delivery</u>**
Mark E. Felger
Cozen O'Connor
1201 N. Market Street, Suite 1001
Wilmington, DE 19801

**<u>Via Hand Delivery</u>**
John H. Knight
Marcos Alexis Ramos
Richards Layton & Finger, PA
One Rodney Square
920 North King Street
Wilmington, DE 19801

**<u>Via Hand Delivery</u>**
Jeffrey L. Burtch
Cooch & Taylor
824 Market Street Mall, Suite 1000
Wilmington, DE 19899

**<u>Via Hand Delivery</u>**
David Buchbinder
United States Trustee
844 King Street, Suite 2207
Wilmington, DE 19899

**<u>Via First Class Mail</u>**
Jonathan Harris, Esq.
Evan Bolla, Esq.
Harris, O'Brien, St. Laurent & Chaudhry LLP
111 Broadway, Suite 1502
New York, NY 10006

**Via First Class Mail**
Lawrence McMicheal
Cristie Comerford
Jesse N. Silverman
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, PA  19102

**Via First Class Mail**
John D. Penn
Perkins Coie LLP
500 North Akard Street, Suite 3300
Dallas, TX  75201

**Via First Class Mail**
John L. Scott, Jr.
Reed Smith LLPL
599 Lexington Avenue, 22nd Floor
New York, NY  10022

**Via First Class Mail**
Robert M. Abrahams
Matthew J. Moses
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

/s/ Daniel N. Brogan
Daniel N. Brogan (DE 5723)