# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Pursuit of Capital Management LLC, | Bankruptcy No. 114-10610-LSS |
| Debtor. | BAP 15-45 |
| PURSUIT PARTIES, | |
| Appellants, | |
| v. | C. A. No. 15-801-RGA |
| JEOFFREY L. BURTCH, CHAPTER 7, | |
| Appellee. | |

## RECOMMENDATION

At Wilmington this **20th** day of **October, 2015**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, a letter report was provided by the parties on October 7, 2015 and a teleconference was held on October 15, 2015 for an review and discussion with counsel to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process. The present appeal involves an appeal from the Bankruptcy Courts's Order Approving Agreement to Settle, Transfer and Assign Certain Claims, Rights and Interests (the "Sale Order"), which resulted in approving the Trustee's assignment of certain bankruptcy estate rights and causes of action to a group of creditors (the "Creditor Group"),

that may include the estate's rights to litigation under the Bankruptcy Code against the Pursuit Parties or the Appellant in this appeal. The Creditor Group, who is not a party to this appeal, and the Pursuit Parties have been engaged in contentious litigation for a significant period of time outside of the bankruptcy case both before and after the commencement of the bankruptcy case. The Creditor Group was involved in the teleconference. The discussion concerning mediation focused on whether an attempt was worthwhile to try to resolve the more global claims involving the Pursuit Parties and the Creditor Group. There have been no prior efforts between these entities to try to resolve the global issues. The teleconference clarified the issues among the parties, but also clarified that mediation at this time would be futile.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. The parties were advised during the teleconference of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE